873 F.2d 1439
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Richard Steven MAULICK, Plaintiff-Appellant,
v.
Marshall BAILEY, Detective; Richard L. Shelton, Defendants-Appellees,
and
Hanover County Virginia; Hanover County Sheriff's
Department; Hanover County Court Offices; Defendants.
 No. 88-7253.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 10, 1989.
Decided: April 5, 1989.
Rehearing and Rehearing En Banc Denied April 28, 1989.
 
 Richard Steven Maulick, appellant pro se.
 Randolph Courtland DuVall (Pender & Coward), Dennis Patrick Lacy, Jr. (Lacy & Mehfoud, PC), for appellees.
 Before ERVIN, Chief Judge, and WIDENER and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Richard Maulick appeals from the district court order denying him relief pursuant to 42 U.S.C. Sec. 1983. Only Maulick's claims against defendants Shelton, a state court clerk, and Bailey, a law enforcement officer, are raised on appeal. Our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, we affirm.
 
 
 2
 Maulick's claim that Shelton failed to promptly provide copies of requested documents was properly dismissed because Maulick did eventually receive them and no harm was shown to have resulted from the delay. The lower federal courts are without jurisdiction to rule on the merits of Maulick's claim that he was deprived of due process because he was not given notice by Shelton and an opportunity to be present at the hearing in state court for the return of his property. The Supreme Court is the only federal court with federal question jurisdiction arising in the course of state court proceedings. Ganey v. Barefoot, 749 F.2d 1124, 1127 (4th Cir.1984), cert. denied, 472 U.S. 1014 (1985). Additionally, Shelton did not cause Maulick to lose the opportunity to appeal from the order resulting from that hearing. Although Shelton allegedly did not send a copy of the order to Maulick until he requested it, four months after the hearing, Maulick knew of the outcome of the hearing two months prior to the expiration of the appeals period. Va.Code Sec. 8.01-671.
 
 
 3
 Maulick's claims against Bailey included a claim of invasion of privacy by public disclosure of private facts. This claim was based on Bailey's having shown confiscated nude pictures of Mrs. Maulick to police officers not involved in the investigation. Even if the facts, if proven, could support an action for the violation of a right to privacy, this action cannot be brought by Maulick. The pictures were not of him. To state a cognizable claim of invasion of privacy, the private facts disclosed must be about the person asserting the claim, Avins v. Moll, 610 F.Supp. 308, 325 (E.D.Pa.), aff'd, 774 F.2d 1150 (3d Cir.1984).
 
 
 4
 We affirm the dismissal of Maulick's other claims against Bailey on the reasoning of the district court. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 5
 AFFIRMED.